UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DWAYNE LUMAR,** | : | CASE NO.: 2:17-cv-13373 |
| **Plaintiff** | : | |
| **VERSUS** | : | **JUDGE LEMELLE** |
| **MONSANTO COMPANY,** | : | **MAGISTRATE JUDGE ROBY** |
| **Defendant** | : | |

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY**

**INTRODUCTION**

The Plaintiff, DWAYNE LUMAR, by and through his attorneys, allege, upon information and belief, the following:

1. This is a civil action brought by the Plaintiff for damages sustained by the Plaintiff, DWAYNE LUMAR, (hereinafter referred to as "Plaintiff"), as the direct and proximate result of the wrongful conduct of the Defendant, MONSANTO COMPANY, (hereinafter referred to as "Defendant" or "MONSANTO"), in connection with the Defendant's violation of his civil right to be free from employment discrimination on the basis of his race, African American, and disability of morbid obesity and willful violation underpayment.

**JURISDICTION AND VENUE**

2. Both Jurisdiction and venue are proper in the Eastern District of Louisiana.

3. This Court has Original Jurisdiction over this action Pursuant to 28 U.S.C. §§ 1331 and 1343 as this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, the American with Disabilities Act, as amended, 42 USC §12101, et seq.

4. Venue, pursuant to 28 U.S.C. § 1391, is proper because the unlawful acts giving rise to the Plaintiff's claims occurred in this district. The Defendant conducts or has conducted business activity in St. Charles Parish, State of Louisiana

## PARTIES

5. The plaintiff, DWAYNE LUMAR, is over the age of majority, and is a citizen and resident of Parish of St. Charles, State of Louisiana.

6. The defendant, MONSANTO COMPANY is a foreign corporation, and conducts or has conducted business activity in St. Charles Parish, State of Louisiana.

7. Upon information and belief, Defendant Monsanto Company was and still a corporate entity organized and existing under the laws of the State of Louisiana, and was and still is a domestic corporation authorized to do business in the State of Louisiana with a registered agent, Corporation Service Company, located at 501 Louisianan Ave., Baton Rouge, LA 70802.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff has exhausted his administrative remedies. He filed timely administrative charges of discrimination against Monsanto with the U.S. Employment Opportunity Commission (EEOC) and the Louisiana Commission on Human Rights (LCHR).

9. The EEOC determined that there were acts of discrimination and willful violations of underpayment as committed by the Defendant. The EEOC could not reach a conciliation agreement between the parties and, therefore, issued a Notice to Sue letter on August 28, 2017.

**FACTUAL BACKGROUND**

10. Plaintiff, an African American male, began his tenure at Monsanto on or about April 2013 as a production technician.

11. At the time of hiring, Plaintiff weighed approximately 465 pounds and passed all physicals and training tests with Monsanto.

12. A part of the training tests and job responsibilities of the position of production technician was to climb steel ladders, of which the Plaintiff completed successfully.

13. Yet, approximately, four months later, in or around August 2013, employees of Mansanto advised the Plaintiff that he couldn't qualify for a production technician as his weight allegedly inhibited him from climbing the steel ladders, and that he must get his weight under 400 pounds to maintain employment. Essentially, Monsanto advised that it no longer wanted him to climb ladders not because of any performance issues, but because of weight.

14. Yet, from April 2013 through August 2013, Plaintiff was able to successfully complete all tasks involving climbing steel ladders.

15. Monsanto constantly harassed and created a hostile work environment through holding meetings every two weeks critiquing the weight of the plaintiff, assigning a nurse to him, not allowing him to complete his work duties that he was performing with

excellence before, and advised him he couldn't discuss his situation with other employees.

16. In or around, October 2013, the Plaintiff weighed 443 pounds.

17. Monsanto forced the Plaintiff on medical leave through requiring that he have surgery to address his weight.

18. The Plaintiff was on medical leave from October 2013 through April 2014. Plaintiff had the "required" surgery on March 2014 whereby his stomach was cut into smaller sections.

19. While on medical leave, Plaintiff was inhibited from qualifying for wage raise.

20. In or around April 2014, the Plaintiff weighed 399.5 pounds.

20. Thereafter, Monsanto still required that the plaintiff meet with their nurse.

21. At all pertinent times, there was an employee of Monsanto of another race than the Plaintiff, who held the position of production technician, and weighed over 400 pounds, who was not required to undergo nor received the same treatment as plaintiff.

22. As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, family issues, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial

23. The Defendant's actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights

### COUNT I
**(Unlawful Discrimination and Harassment on the Basis of Race in Violation of Title VII)**

24. The Plaintiff re-alleges and incorporates by reference herein the preceding complaint as though fully set forth therein.

25. Defendant's conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. that makes unlawful discrimination against employees on the basis of race.

26. Defendant discriminated against Plaintiff in violation of Title VII when it unjustifiably required Plaintiff to undergo an intense medical regime, including surgery, to address his "alleged" weight issues when it did not do so with employees similarly situated of races other than the Plaintiff.

27. Moreover, the Defendant created a hostile work environment for the Plaintiff and harassed him when it holding meetings every two weeks critiquing the weight of the plaintiff, assigning a nurse to him, wouldn't allow his to complete his work duties that he was performing with excellence before, and advised him he couldn't discuss his situation with other employees.

28. As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial

29. The Defendant's actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

30. Plaintiff requests relief as described in the Prayer for relief below.

### COUNT II
**(Discrimination based on disability under American with Disabilities Act, as amended)**

31. The Plaintiff re-alleges and incorporates by reference herein the preceding complaint as though fully set forth therein.

32. Defendant's conduct as herein alleged violated American with Disabilities Act, as amended, 42 USC §12101, et seq. that makes unlawful discrimination against Plaintiff due his disability of morbid obesity.

33. Defendant discriminated against Plaintiff in violation of American with Disabilities Act, when it unjustifiably required Plaintiff to undergo an intense medical regime, including surgery, to address his "alleged" weight issues as his weight did not inhibit him from performing his job duties.

34. Moreover, the Defendant created a hostile work environment for the Plaintiff and harassed him when it holding meetings every two weeks critiquing the weight of the plaintiff, assigning a nurse to him, wouldn't allow his to complete his work duties that he was performing with excellence before, and advised him he couldn't discuss his situation with other employees.

35. As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial

36. The Defendant's actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

37. Plaintiff requests relief as described in the Prayer for relief below.

## COUNT III
**(Negligence, La. C.C. art. 2315)**

38. The Plaintiff re-alleges and incorporates by reference herein the preceding complaint as though fully set forth therein.

39. At all times herein mentioned, due to the conduct of the Defendant in forcing an unnecessary medical regime on Plaintiff thereby inflicting emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, in an amount of which will compensate him for:

a. Violation of his rights under Title VII of the Civil Rights Act of 1964; American with Disabilities Ac

b. Compensatory damages including lost wages, past and future and/or impairment of power to earn money, mental anguish, emotional distress and humiliation;

c. Awarding pre-judgment and post judgment interest to the Plaintiff;

d. Trial by jury on all issues so triable;

e. Awarding the costs and the expenses of this litigation of the Plaintiff;

f. Awarding reasonable attorneys' fees and costs to the Plaintiff as provided by law;

g. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct; and

h. Granting all such other relief as Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so tried in this action.

Respectfully submitted,

/s/ DASHAWN HAYES

DaShawn Hayes, #34204
The Hayes Law Firm, PLC
1100 Poydras St., Ste 1530
New Orleans, LA 70163
Phone: 504-799-0374
Fax: 504-799-0375
Attorney for Plaintiff

WAIVER OF SERVICE REQUESTED