IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

DWAYNE LUMAR,

        Plaintiffs,

v.

MONSANTO COMPANY,

        Defendant.

Case No.: 2:17-cv-13373

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

NOW INTO COURT, through the undersigned counsel, comes Plaintiff, Dwayne Lumar, who submits this Memorandum in Opposition to the Motion to Dismiss by the defendants.

### ARUGUMENT

Generally, in deciding a motion to dismiss for failure to state a claim, the court should limit its inquiry to facts stated in the complaint. *See, FRCP 12(d); Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). A motion to dismiss for failure to state a claim considers the face of the pleadings without reference to extrinsic evidence. *United States ex rel Gage v. Davis S.R. Aviation, L.L.C.,* 658 Fed.Appx. 194 (5th Cir.2016), *cert. denied sub nom. U.S. ex rel. Gage v. Davis S. R. Aviation, LLC*, 137 S.Ct. 1072, 197 L.Ed.2d 178 (2017). If the Court decides to consider extrinsic evidence, then the motion to dismiss must be converted into a motion for summary judgment. *See, FRCP 12(d); Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1150-51. If the court converts the motion, the parties must be given an opportunity to take reasonable discovery. *Sahu v. Union Carbide Corp*., 548 F.3d 59, 67 (2d Cir. 2008).

Moreover, motion to dismiss for failure to state a claims is not favored and should rarely be granted, as resolution on merits being preferred to disposition on technical grounds of failure to state a claim. *Zephyr Aviation, LLC v. Dailey*, 247 F.3d 565 (5th Cir. 2001); *see also*, Airline

1

*Car Rental, Inc. v. Shreveport Airport Authority*, W.D.L.A. 1986, 667 F. Supp. 293. The Plaintiff's response to a motion to dismiss should demonstrate that the complaint provides fair notice of the Plaintiff's claims and that the facts alleged sufficiently show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662,678 (2009). Essentially, the Court must assume that all material facts contained in the complaint are true and resolve all inferences in the Plaintiff's favor. *Id*. *See also*, *Schrob v. Catterson*, C.A.3 (N.J.) 1991, 948 F.2d 1402. A claim has facial plausibility, as required to survive a motion to dismiss for failure to state a claim, when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *McLin v. Ard*, 866 F.3d 682 (5th Cir.2017), cert. denied, 138 S.Ct. 739 (2018)

    Here, the Plaintiff has stated factual allegations within his complaint that sufficiently show a plausible claim for relief. Furthermore, the Plaintiff has unequivocally given fair notice to the Defendant of his claims. The defendants argue the Louisiana Workers' Compensation Act is the exclusive remedy for an intentional infliction of emotional distress; yet, this argument is not weighty. LSA–R.S. 23:1032 makes worker's compensation an employee's exclusive remedy for a work-related injury caused by a co-employee, except for a suit based on an intentional act. *White v. Monsanto Co.,* 585 So.2d 1205 (La.1991). Cause of action for intentional infliction of emotional distress is viable in Louisiana, generally in accord with legal precepts set forth in Restatement (Second) of Torts. *Id.* The complaint contains sufficient facts of forcing the plaintiff to undergo unnecessary medical regime and critiquing his weight every two weeks, not allowing him to complete work duties that he was performing with excellence before and not allowing him to discuss his situation with other employees to put the defendant on notice of a plausible cause of action of infliction of emotional distress, which is a tort under La. C.C. art. 2315. *Id*.

Lastly, in addition to the presumption that all material facts contained in the complaint are true and all inferences should be made in favor of plaintiff, a motion to dismiss is based upon the sufficiency of complaint, not the merits of the case. *Pelfresne v. Village of Rosemont*, N.D.Ill.1997, 952 F. Supp.589. Moreover, the court is tasked with determining whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029 (5th Cir.2010) Here, the Plaintiff asserts that the said complaint is sufficient in giving fair notice of the claims of the Plaintiff. Yet, in the abundance of caution, the Plaintiff requests that this Court allow the Plaintiff to amend the complaint as opposed to dismissing the instant matter.

Respectfully submitted,
/s/DaShawn Hayes

_____
DaShawn Hayes, #34,204
The Hayes Law Firm, PLC
1100 Poydras St., Ste 1530
New Orleans, LA 70163
Ph: 504-799-0374
Fax: 504-799-0375
dphayesesquire@gmail.com

**CERTIFICATE OF SERVICE**

I, DaShawn Hayes, hereby certify that I served the above and foregoing pleading, by causing true and accurate copies of such to be filed and transmitted to all opposing counsel via the Court's CM/ECF electronic filing system, on this 6th day of March.

/s/DASHAWN HAYES
_____
DaShawn Hayes