# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWAYNE LUMAR** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-13373 "KWR"** |
| **MONSANTO COMPANY** | |

## ORDER AND REASONS

Before the Court is a **Partial Motion to Dismiss (R. Doc. 6)** filed by the Defendant, Monsanto Company, seeking dismissal of the Plaintiff's claims for sex discrimination pursuant to Title VII, violation of The Equal Pay Act, and negligence. The Plaintiff then filed an Amended Complaint. R. Doc. 11. Thereafter, Monsanto filed a reply addressing the amended complaint. R. Doc. 16. The motion was heard on the briefs.

### I.  Factual and Procedural Background

The plaintiff, Dwayne Lumar, ("Lumar") an African-American male, began working as a production technician for Monsanto Company ("Monsanto") in April of 2013. Rec. Doc. 1, p. 3. The training tests and requirements for the production technician position included climbing steel ladders, tank ladders, harnesses, and scaffolds. *Id.* At the time of hiring, Plaintiff weighed 465 pounds and was able to pass all physicals and complete the position requirements successfully. *Id.*

Nearly four months into his job, Plaintiff alleges that Monsanto advised him that he could no longer qualify for a production technician position as his weight prevented him from climbing the steel ladders. *Id.* According to Lumar, Monsanto advised him that he must get his weight under 400 pounds in order to maintain employment. *Id.*

However, the Plaintiff alleges that he was able to successfully complete all tasks involving the climbing of the steel ladders from April 2013 through August 2013. *Id.* Plaintiff alleges that Monsanto created a hostile work environment by holding meetings every two weeks critiquing his

weight, assigning a nurse to him, and not permitting him to complete the work duties that he was successfully completing previously. *Id.* In addition, Plaintiff alleges that he was advised that he could not discuss the situation with other employees. *Id.* at p. 4.

Around October of 2013, the Plaintiff contends that Monsanto placed him on medical leave and allegedly required that he have surgery to address his weight of 443 pounds. *Id.* During his medical leave Plaintiff states he underwent the surgery and was allegedly prohibited from qualifying for a wage raise during this time. *Id.*

In or around April of 2014, Plaintiff states he reached a weight of 399.5 pounds, but Monsanto continued to require meetings with the plant nurse. *Id.* Plaintiff alleged that at all pertinent times, Monsanto employed "his counterpart," Ron Schexnayder, a Caucasian male, who also held the position of production technician who weighed over 400 pounds. *Id.*; *See also* Rec. Doc. 6-2, p. 2. Plaintiff alleged that Schexnayder was never required to undergo the same treatment regarding his weight as Plaintiff. Rec. Doc. 1, p. 4.

On November 25, 2017, Plaintiff filed this lawsuit alleging that he suffered losses in compensation, earning capacity, humiliation, family issues, mental anguish, and emotional distress as a result of Defendant's actions. He alleges four claims in the original complaint: (1) unlawful discrimination and harassment on the basis of race in violation of Title VII of the Civil Rights Act of 1964; (2) discrimination based on disability under the Americans with Disabilities Act (ADA); (3) discrimination due to his disability of morbid obesity and race in violation of The Equal Pay Act, 29 U.S.C. §206, *et seq.*; and (4) the infliction emotional distress upon him by allegedly requiring him to undergo unnecessary surgery. R. Doc. 1.

Defendant thereafter filed a Motion for Partial Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 14, 2018. R. Doc. 6 It argues that several of Plaintiff's claims

must be dismissed as a matter of law for the failure to state a claim upon which relief can be granted. The Defendant contends the following claims should be dismissed: (1) any claim for discrimination based on sex for failure to exhaust administrative remedies; (2) alleged violations of the Equal Pay Act for failing to state a claim; and (3) claims for negligent infliction of emotional distress are barred by the Louisiana Worker's Compensation Act. Rec. Doc. 6.

In response, the Plaintiff filed a First Amended Complaint asserting claims for: (1) race discrimination in violation of Title VII; (2) discrimination based on a disability pursuant to the Americans with Disabilities Act; and (3) negligent infliction of emotional distress. The amended complaint, however, no longer asserts any claims for sex discrimination and violations of the Equal Pay Act. As a result, the motion to dismiss is moot with respect to the claims that have been withdrawn and abandoned by the Plaintiff.

At the same time as filing the Amended Complaint, the Plaintiff filed his opposition to the motion to dismiss and for the first time suggest that the alleged infliction of emotional distress was intentional. Rec. Doc. 12, p. 2. Further, the Plaintiff requested that the Court permit him to amend the complaint as opposed to dismissing the claims. *Id.*

The Defendant, in reply to the Amended Complaint and opposition contend that Plaintiff fails to re-assert the sex discrimination claim and violation of the Equal Pay Act claim and that Plaintiff's claim for intentional infliction of emotional distress should be dismissed because the allegations are insufficient as a matter of law, and that any claim for negligent infliction of emotional distress is barred by the Louisiana Workers Compensation Act. R. Doc. 16. The Defendant also contends that any additional amendment would be futile, the Plaintiff has already had the opportunity to amend, and has done so in order to address the motion to dismiss. *Id.*

## II. Standard of Review

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the

plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007). Motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Lormand*, 565 F.3d at 232 (citing *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).

## III.    Analysis

As an initial matter, the Court finds that the Plaintiff has withdrawn and abandoned any claims for sex discrimination and violations of the Equal Pay Act. The Court, therefore, is not required to address those claims as they are no longer being asserted. What remains for the Court to consider is the Plaintiff's claim for infliction of emotional distress. While the amended complaint titles the claim as negligence, in his opposition the Plaintiff asserts that the infliction of emotional address was intentional. As a result, the Court will evaluate the Plaintiff's claim for the infliction of emotional distress as both negligent and intentional.

### A. Negligent Infliction of Emotional Distress

The Defendant argues that any claim for negligence, including the negligent infliction of emotional distress, that may be brought against it is barred as a matter of law by the Louisiana Worker's Compensation Act. R. Doc. 6. However, Louisiana courts have found instances in which an employee's claim for negligent infliction of emotional distress was not barred by the Louisiana Worker's Compensation Act. *Richardson v. Home Depot USA*, 808 So.2d 544 (La. App. 1 Cir. 3/28/01). Courts have held the following in regards to an employer's duty to provide a safe work place:

> We are of the view the duty of legal care by an employer to his employees includes not only the obligation of furnishing a safe place in which the employee must work,

but also the obligation of refraining from knowingly, intentionally and deliberately requiring the performance of duties, which because of circumstances known to the employer, exposes the employee to the imminent danger of mental breakdown. We reach this conclusion because the employer's control of the type of duties to be performed by his employees is no less than that in which he controls and determines the condition of the working premises. Consequently, we perceive no logical reason why the duty of the employer to refrain from requiring the employee to work under dangerous circumstances inimical to the latter's physical well-being should not also encompass and include the onus of refraining from knowingly requiring the performance of duties which will subject the employee to stress harmful to his mental welfare. In either instance, the injury, hurt or mental deterioration results from conditions within the control of the employer. In each case, therefore, liability of the employer is predicated upon the breach of a legal duty owed his servants. Needless to say, each case must be decided in the light of its own peculiar facts and circumstances, the employee being obligated to establish the essential elements of his particular claim. *Samson v. Southern Bell Telephone & Telegraph Co.*, 205 So.2d 496, 502-03 (La. App. 1 Cir. 1967).

The exception to the exclusivity provision of the Louisiana Workers Compensation Act is available if the three factors as set forth in *Samson* are present. These factors are that: (1) the employer has a duty to guard against requiring an employee to perform duties that are dangerous to the plaintiff's welfare; (2) that those duties are contrary to the communicated advice of a physician; and (3) the employer knew or should have known those duties would result in the mental deterioration of the employee. *Richardson*, 808 So.2d at 550. As a result, the exclusive remedy provision of the Worker's Compensation Act does not bar all negligent infliction of emotional distress claims filed in tort against an employer if the plaintiff can provide evidence in support of the factors outlined above. *Id.*

Here, the Plaintiff alleges in his amended complaint that Defendant required him to undergo a rigorous medical regime, including surgery, assigned him a nurse, and critiqued his weight in order to meet the requirements of the employment position he contends he was already meeting, and was unable to talk about the issue with other employees. R. Doc. 11.

The Plaintiff, however, fails to allege facts in keeping with the three factors laid out in *Samson*. Plaintiff does not provide facts showing Defendant's failure to guard against his performing duties that would endanger his welfare. To the contrary, in the complaint he indicates that he was informed by Defendant that his weight inhibited from performing the job of production technician. Plaintiff has also failed to allege facts showing that any of his duties were contrary to the advice of his physician. Finally, unlike in the narrow exception to the LWCA's exclusive remedy provision described in *Samson*, here the Plaintiff was not required to perform duties, but rather, the Defendant required the Plaintiff to refrain from those duties due to his weight.

As such, the Plaintiff has failed to meet the requirements necessary to defeat the Louisiana Worker's Compensation Act's exclusive remedy and his negligent infliction of emotional distress claim is barred as a matter of law. As such, the motion to dismiss with respect to the claim of negligent infliction of emotional distress is granted.

In addition, even if the LWCA did not provide for the exclusive remedy. An evaluation of the complaint shows that the Plaintiff fails to state a claim for which relief can be granted even without considering the *Samson* factors.

Louisiana law does not recognize the independent tort of negligent infliction of emotional distress. *See Doe v. Smith*, 913 So.2d 140, 142 (La. App. 4 Cir.2005) (citing *Moresi v. State through Dept. of Wildlife and Fisheries*, 567 So.2d 1081, 1096 (La. 1990)). Nonetheless, a plaintiff may recover for emotional distress inflicted by the defendant's negligence unaccompanied by physical injury where the defendant's negligent conduct is deemed to be outrageous. *Lester v. Secretary of Veterans Affairs*, 514 F.Supp.2d 866, 881 (W.D. La. 2007); *See also Boquet v. Belanger*, No. CIV.A. 14-2228, 2015 WL 1650255, at *6 (E.D. La. Apr. 14, 2015).

In order to recover, the plaintiff must show the existence of the "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Lester*, 514 F.Supp.2d at 881. "The most common thread of the special circumstances…is that each of those cases present facts proving that the defendant's act created a very strong and obvious likelihood that the plaintiff would suffer genuine and severe mental distress." *Boquet*, 2015 WL 1650255 at *6. Unless an employer knows of the employee's particular susceptibility to emotional distress, the employer's conduct should be judged in the light of the effect such conduct would ordinarily have on a person of ordinary sensibilities. *Covington v. Howard*, 146 So.3d 933, 940 (La. App. 2 Cir. 8/13/14), *writ denied*, 160 So.3d 973 (La. 11/21/14).

Beyond the minimal factual allegations discussed above, the Plaintiff does not allege facts showing a "strong and obvious likelihood" that Plaintiff would suffer "genuine and severe mental distress." *Boquet*, 2015 WL 1650255 at *6. Nor does the complaint contain any allegations that that the employer knew of a particular susceptibility to emotional distress. The Plaintiff is required to plead facts that show "conduct on the part of Defendant that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Lester*, 514 F.Supp.2d at 882. Here, Plaintiff has not pled that the Defendant's conduct was so extreme or outrageous as to go beyond all bounds of decency such that the complaint fails to state a claim for which relief can be granted and the motion to dismiss is granted as to a claim for the negligent infliction of emotional distress.

B. <u>**Intentional Infliction of Emotional Distress**</u>

In order to state a claim for intentional infliction of emotional distress under Louisiana Civil Code article 2315, the Louisiana Supreme Court has held that a plaintiff must establish: (1)

that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from the conduct. *See White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). The Louisiana Supreme Court has held:

> The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language, to occasional acts that are definitely inconsiderate and unkind. *Id.*

The Fifth Circuit has consistently held that "ordinary employment disputes" do not give rise to an intentional infliction claim. *Deus v. Allstate,* 15 F.3d 506, 515 (5th Cir. 1994), *cert. denied*, 513 U.S. 1014 (1994). An intentional infliction of emotional distress must be more than an employer merely insisting that an employee follow procedure. *Gilpin v. Elmer Candy Corp.*, No. CIV.A. 99-1475, 2000 WL 713195, at *4 (E.D. La. June 2, 2000). Further, it is more than an employer disciplining an employee where the employer knowingly hurts the employee's feelings. *Id.* at *4.

"Conduct which is merely [tortious] or illegal does not rise to the level of being extreme and outrageous." *Nicholas v. Allstate Ins. Co.,* 765 So.2d 1017, 1025 (La. 2000). Louisiana Civil Code article 2315, from which the cause of action for intentional infliction of emotional distress derives, "does not create liability for employment discrimination." *Iturralde v. Shaw Grp., Inc.,* 512 F. App'x 430, 435 (citing *Hornsby v. Enter. Transp. Co.,* 987 F.Supp. 512, 515 (M.D. La. 1997)). "Employment disputes must have some quality that places them beyond the ordinary in order to qualify for intentional infliction of emotional distress." *Charles v. JetBlue Airways Corp.,* No. 08–40, 2009 WL 273206, at *12 (E.D. La. Jan. 26, 2009) (citing *Dean v. Ford Motor Credit*

*Co.,* 885 F.2d 300 (5th Cir.1989)). "Courts 'have consistently limited causes of action for [intentional infliction of emotional distress] in the workplace to cases which involve a pattern of deliberate, repeated harassment over a period of time.' " *Iturralde,* 512 F. App'x at 435 (quoting *Nicholas,* 765 So.2d at 1026) (internal quotation omitted); *accord Ware v. CLECO Power LLC,* 90 F. App'x 705, 708 (5th Cir.2004). "Mere violation of laws regulating conduct in the workplace is not enough to establish intentional infliction." *Skidmore v. Precision Printing & Pkg., Inc.,* 188 F.3d 606, 613 (5th Cir. 1999) (under Texas law, which is identical to Louisiana law).

Thus, actionable cases of intentional infliction of emotional distress arising in the workplace are limited to situations where the distress is "more than a reasonable person could be expected to endure" and the offending conduct is "intended or calculated to cause severe emotional distress." *Nicholas,* 765 So.2d at 1026. Mere "disciplinary action and conflict in a ... workplace environment, although calculated to cause some degree of mental anguish, is not ordinarily" extreme or outrageous. *White,* 585 So.2d at 1210.

With respect to the first element requiring the Plaintiff to plead conduct that was extreme our outrageous, the Court finds that the Plaintiff has failed to provide specific allegations that the Defendant's conduct is intolerable in the civilized community and beyond all bounds of possible human decency. Instead, the Plaintiff has pled the Defendant's conduct was the result of their concern regarding the Plaintiff and the duties of his job requiring him to climb ladders. Second, nowhere in the amended complaint does the Plaintiff allege that the emotional distress suffered was severe. Finally, the Plaintiff's allegations of intent are merely conclusory. There are no specific factual allegations pled to show that the Defendant sought to inflict severe emotional distress, rather the Plaintiff's own pleading indicates that the Defendant's conduct and intent was

related to Plaintiff's weight and the use of equipment that was an essential part of his job function given his weight.

As a result, the Court finds that the Plaintiff has failed to state a claim for which relief can be granted with respect to the intentional infliction of emotional distress and as a result the motion to dismiss is granted with respect to that claim.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's Rule 12(b)(6) **Motion for Partial Dismissal** is **GRANTED IN PART** and **DENIED AS MOOT IN PART.**

The motion is **DENIED AS MOOT** with respect to the Plaintiff's claims for sex discrimination pursuant to Title VII and violations of the Equal Pay Act as those claims have been withdrawn and abandoned by the Plaintiff.

The motion is **GRANTED** with respect to the Plaintiff's claims for negligent infliction of emotional distress and intentional infliction of emotional distress and the Court orders that those claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 17th day of July 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**